United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-50003
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RODOLFO ALVAREZ-GOMEZ,
also known as Jose Rudy Alvarez

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-460
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Rodolfo Alvarez-Gomez appeals his 70-month sentence and
his guilty-plea conviction for being in the United States
unlawfully after removal, in violation 8 U.S.C. § 1326.  Alvarez
argues that his sentence was unreasonable because the district
court misunderstood its authority to impose a sentence below the
advisory guidelines range.

The record demonstrates that the district court was aware of
Alvarez's family circumstances, that it knew that it had
discretion after *Booker* to depart when it thought reasonable, and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court did not find a reason to depart from the advisory guidelines range.  Its statement that it would depart if there was an "exceptional reason" was not error.  See United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006) (explaining that a court must have a reason to sentence outside of a properly-calculated Guidelines range).

Although Alvarez does not challenge the district court's calculation of his advisory guidelines sentencing range, he further argues that the sentence imposed was unreasonable because the district court failed to take into account the factors in 18 U.S.C. § 3553(a).  Under the discretionary sentencing scheme established by United States v. Booker, 543 U.S. 220 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a).  United States v. Mares, 402 F.3d 511, 518-19 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Alvarez's sentence is within the advisory guidelines range and is presumptively reasonable.  See United States v. Alonzo, 435 F.3d 551, 553-55 (5th Cir. 2006).  We infer in our reasonableness review that the district court considered the § 3553(a) factors in imposing sentence.  See Smith, 440 F.3d at 706-07; Alonzo, 435 F.3d at 554.

Alvarez argues that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his prior aggravated felony conviction for manufacture/delivery of cocaine, 1 to 4 grams, is a separate

offense under § 1326 that should have been charged in his indictment, submitted to the jury, and proven beyond a reasonable doubt.  Because the 2001 felony conviction was not included in his indictment, argues Alvarez, he was subject only to a two-year maximum term of imprisonment as set forth in § 1326(a).

Alvarez properly concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and circuit precedent, but he raises it here to preserve it for further review.  Although Alvarez contends that Almendarez-Torres was incorrectly decided and that the Supreme Court might overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

AFFIRMED